**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**ASHAVAN "BILLY" PURCHESS,**

Petitioner,

v.

**CONSTANCE REESE, Warden,**

Respondent.

---

Civil File No. 01-14 (PAM/JGL)

**REPORT AND RECOMMENDATION**

APPEARANCES

Ashavan "Billy" Purchess, pro se.

Joseph T. Walbran, Esq., Assistant United States Attorney, for Respondent.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on Petitioner Ashavan "Billy" Purchess' Petition for Habeas Corpus relief under 28 U.S.C. § 2241. The matter has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1(c). For the reasons discussed below, it is recommended that the Petition for Writ of Habeas Corpus be denied with prejudice.

## I. BACKGROUND

### A. Procedural History

Petitioner Purchess is a federal prisoner currently incarcerated at the Federal Medical Center located in Rochester, Minnesota. Petitioner has

FILED APR 24 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

brought numerous petitions in several courts regarding his sentence and conviction. The complex course of his various legal proceedings is recounted chronologically below.

### 1. The Plea, Sentencing, and Direct Appeal

On October 11, 1995, Petitioner was charged in the Western District of Wisconsin with conspiracy to import cocaine and marijuana in violation of 21 U.S.C. § 846. (Resp. Ex. B.) On February 2, 1996, Petitioner pled guilty to the one count indictment, without a plea agreement. Petitioner was sentenced by a federal judge in the Western District of Wisconsin on April 16, 1996 to 168 months in prison. The court denied Petitioner's request for a downward sentencing departure based on his level of responsibility and imposed an upward sentencing departure to account for his conduct, which resulted in the death of a co-defendant. Petitioner appealed his sentence to the Seventh Circuit, which affirmed the district court's upward departure. See United States v. Purchess, 107 F.3d 1261 (7th Cir. 1997).

### 2. Petitioner's Proceedings in the Western District of Wisconsin and the Seventh Circuit Court of Appeals

On August 7, 1997, Petitioner filed a 28 U.S.C. § 2255 petition in the Western District of Wisconsin to vacate his sentence, alleging ineffective assistance of counsel, inability to understand English at the time of sentencing, failure to receive his pre-sentencing report within the allotted time, and ineffective assistance of appellate counsel. The district court denied the

petition on September 23, 1997, and the Seventh Circuit denied Mr. Purchess' application for certification of appealability on August 31, 1998. Apparently, Petitioner also asked the district court for a certificate of appealability during this time frame, which the district court denied on October 7, 1997. Petitioner appealed this order, and the Seventh Circuit dismissed this appeal on November 18, 1997.

On July 15, 1998, Petitioner moved a district court in the Western District of Wisconsin to dismiss the indictment and reverse his conviction. The court deemed the motion a second § 2255 petition and dismissed it on August 20, 1998 for lack of jurisdiction. Petitioner appealed to the Seventh Circuit, which affirmed the district court on April 19, 1999.

Petitioner submits that he filed a request with the Seventh Circuit Court of Appeals asking for leave to file a second or successive § 2255 petition on the basis that his conviction violated the rule of law established by Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). (Pet. Mem. at 3.) It is unclear from the parties' submissions, including the docket sheet from the Wisconsin proceedings, which of Plaintiff's petitions or motions contained this request. According to Petitioner, however, the Seventh Circuit denied his request on the grounds that Apprendi may not be retroactively applied on collateral attacks. (Pet. Mem. at 3); see also Talbott v. Indiana, 226 F.3d 866, 868-69 (7th Cir. 2000).

### 3. Petitioner's § 2241 Petition Filed in District of Minnesota

Having obtained no relief from the Western District of Wisconsin or the Seventh Circuit, Petitioner filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 in the District of Minnesota on July 3, 2000, asserting virtually the same claims made in his previous petitions brought in Wisconsin: ineffective assistance of counsel and a defective indictment. On July 19, 2000, this Court recommended that the petition be summarily dismissed on the grounds that it was successive and brought in the wrong district. This Court explained that a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court which sentenced him, unless the petitioner shows that "the remedy by motion is inadequate or ineffective to test the legality of his detention," as provided by 28 U.S.C. § 2255. This Court found that the § 2241 petition was barred by this exclusive remedy rule in § 2255, explicitly concluding that failure to obtain § 2255 relief in the sentencing court does not constitute an inadequate or ineffective remedy, in accordance with United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). Thus, Petitioner was not entitled to § 2241 relief in the District of Minnesota because he had a reasonable opportunity to raise his claims for relief on direct appeal and in his § 2255 motion to the trial court. This Court recommended that the § 2241 petition be dismissed without prejudice, solely to allow

Petitioner to ask the Seventh Circuit to enter a pre-authorization order permitting him to file another § 2255 petition with the trial court.

The district court adopted the report and recommendation of this Court. Petitioner appealed, whereupon the Court of Appeals for the Eighth Circuit summarily affirmed the district court's decision.

**B. Petitioner's Current § 2241 Petition**

Despite the precise explanation given to Plaintiff regarding his avenue of relief, Petitioner filed a second § 2241 petition in the District of Minnesota on January 2, 2001. Petitioner continues to challenge the validity of his sentence and the indictment. He now claims that since the Seventh Circuit denied his motion for a second § 2255 motion, the remedy was inadequate and ineffective, which entitled him to bring a § 2241 petition in the District of Minnesota. (Pet. Mem. at 14-15.)

As before, Petitioner claims that his sentence was beyond the statutory guidelines and that the indictment was defective. In addition to these previously asserted claims, Petitioner contends that his sentence violates the recent United States Supreme Court's decision in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). Following case law from the District of Minnesota, Petitioner contends that Apprendi should be applied retroactively to collateral attacks. See United States v. Murphy, 109 F. Supp. 2d 1059, 1064 (D. Minn.

2000); but see Talbott, 226 F.3d at 868-69 (holding that Apprendi may not be retroactively applied to collateral attacks).

In response, the Government asserts Petitioner cannot attack his conviction in the District of Minnesota because a prisoner's challenge to the validity of his sentence must be made in the sentencing court, in this case, the Western District of Wisconsin, by a § 2255 motion unless he can show that such a motion is "inadequate or ineffective" to test the legality of his detention. According to the Government, Petitioner has failed to establish that his previous § 2255 motion met that test. Finally, the Government asserts that there was no Apprendi error in Petitioner's sentence because his sentence was within the range allowed by the offense simpliciter. The Government urges that the petition therefore be denied.

## II. DISCUSSION

"Only matters concerning conditions of confinement or execution of sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated." DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). "A district court does not have subject matter jurisdiction over the imposition of a sentence by another district court 'unless it . . . appears that the remedy by motion [to the sentencing court] is inadequate or ineffective to test the legality of [an inmate's] . . . detention.' " Id.

(quoting 28 U.S.C. § 2255); see also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam).

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he has no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first § 2255 motion." In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998). In Petitioner's most recent § 2241 petition, he claims that a petition filed in the Wisconsin sentencing court would be ineffective because of his unsuccessful attempt to bring a subsequent § 2255 petition within the Seventh Circuit.

However, as previously expressed by this Court in accordance with established precedent, a § 2255 motion is not inadequate or ineffective merely because Petitioner's request for a subsequent § 2255 motion was denied. See Lurie, 207 F.3d at 1077 (citing United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999); Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999); Davenport, 147 F.3d at 608). Application of this rule bars Petitioner from habeas corpus relief in his present petition. Following the Eighth Circuit's analysis in Lurie of "inadequate and ineffective," Petitioner has not met his burden in establishing that the Seventh Circuit's denial of his request to bring a successive § 2255 motion was inadequate or ineffective such that he was denied testing the legality of his detention. It is clear to the Court that Petitioner is currently

seeking relief in the District of Minnesota because he believes the precedent set by Murphy, 109 F. Supp. 2d at 1064, which held that Apprendi applies retroactively, is more favorable to his claims than Seventh Circuit precedent. However, merely because the law may be more favorable in one forum than another does not mean the remedy by motion to the sentencing court is inadequate or ineffective to test the legality of a petitioner's detention.

More importantly, the District Court for the District of Minnesota has already dismissed a previous § 2241 petition filed by Petitioner. The petition was dismissed without prejudice solely to allow Petitioner to ask the Seventh Circuit to enter a pre-authorization order, not to allow Petitioner to re-file a § 2241 petition again here. Thus, Petitioner was not entitled to re-file a subsequent § 2241 petition in this District. See 28 U.S.C. §§ 2244(b)(3), 2255.

Even if Petitioner was allowed to bring another § 2241 petition in this District, however, his assertions concerning Apprendi are unfounded. In Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 2362-63 (emphasis added). Petitioner claims his sentence is in violation of Apprendi. However, the Eighth Circuit concluded that there is no Apprendi violation when a defendant's sentence is within the range allowed by the offense simpliciter.

United States v. Aguayo-Delgado, 220 F.3d 926, 933-34 (8th Cir. 2000). In this case, Petitioner was sentenced to 168 months, and the maximum statutory penalty was 240 months. See 21 U.S.C. § 960(b)(3). Accordingly, Petitioner's sentence is well within the statutory limitation, and no Apprendi error occurred.

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner Ashavan "Billy" Purchess' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 1) should be **DISMISSED WITH PREJUDICE.**

Dated: April 24, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by May 11, 2001, written objections which specifically identify the portions of the Report or Recommendation to which objection is being made and the basis for the objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall

be limited to ten pages. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.