UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ashavan "Billy" Purchess, Civ. No. 01-14 (PAM/JGL)

Petitioner,

v. **ORDER**

Constance Reese, Warden,

Respondent.

---

This matter is before the Court upon Petitioner's objections to United States Magistrate Judge Jonathan G. Lebedoff's Report and Recommendation dated May 11, 2001. Magistrate Judge Lebedoff recommended dismissal of Petitioner's Petition for Habeas Corpus under 28 U.S.C. § 2241. Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based on that review and the Petitioner's arguments, the Court adopts the Report and Recommendation.

This is Petitioner's second application to this Court for relief under § 2241. As Judge Lebedoff has twice explained, however, Petitioner cannot bring his challenges to his conviction and sentence in this Court. Because Petitioner was convicted and sentenced in the Western District of Wisconsin, any challenge he has to his conviction or sentence can only be brought in that District. DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986). Petitioner claims that in his case a motion to the sentencing court is inadequate or ineffective to test the legality of his detention, and thus, under 28 U.S.C. § 2255, he can bring such

FILED MAY 29 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD MAY 29 2001
DEPUTY CLERK

motion here. That claim is unavailing. As Judge Lebedoff correctly found, merely because the Seventh Circuit has thus far refused Petitioner's request to file a successive § 2255 petition does not mean that such petition is inadequate or ineffective. (Report and Recommendation at 7, citing United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000).) Petitioner must seek permission from the Seventh Circuit to pursue his claims in the Western District of Wisconsin. He cannot pursue those claims here.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Lebedoff's Report and Recommendation (Clerk Doc. No. 6) is **ADOPTED**; and

2. Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Clerk Doc. No. 1) is **DISMISSED WITH PREJUDICE**.

Dated: May 28, 2001

Paul A. Magnuson
United States District Court Judge

MAY 29 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.